THEODORE OTIS & another *vs.* WILLIAM H. McLELLAN & others.

A testator by his will left a fund in trust, to pay the interest thereon, after the death of his widow, to his seven children respectively, during the life of each of them, in unequal proportions; and upon the death of any of his children the interest on his share to go to his issue, if any, or otherwise to the other children of the testator then living, and the issue of such as might have died; such interest to be so paid until the decease of the last surviving child of the testator, and then the share of each child to go to the issue of such child, unless such child should have left wife or husband, in which case such wife or husband should take, until his or her marriage or death, such child's interest in the same manner as such child had before received it, and then the share should go to the issue of such child. *Held,* that this disposition was not void as being too remote, and tending to create a perpetuity, but that, upon the death of the last surviving child of the testator, the interest of the issue of each child would vest at once, although a husband or wife might survive. This construction is not varied by a subsequent provision in the will that if any child of the testator should die leaving no issue, but leaving a wife or husband surviving, the interest of such child's share should be paid to such surviving wife or husband, while she or he should remain unmarried; but that this should not prevent the partial distribution provided for on the death of the last surviving child.

APPEAL from a decree of the judge of probate, allowing an account of the trustees under the will of Isaac McLellan. The case was reserved for the determination of the full court upon the following facts, agreed by the parties:

Isaac McLellan, by his will dated May 23d 1849, and duly proved, gave to James F. Baldwin and William Parker, his executors, as trustees, and their successors, (the appellees in this case,) "the sum of sixty-six thousand and seven hundred dollars," in trust, to pay the interest on $47,500 thereof to his seven children respectively, "during the life of each of them," in certain unequal proportions; "which interest on said several sums, together with the sums heretofore paid and advanced to them individually from time to time, I deem an equitable distribution for their permanent income. The balance of the amount hereby conveyed in trust to said Baldwin and Parker, being the sum of nineteen thousand two hundred dollars, I will and order shall be equally divided among my said children in equal proportions, upon the events hereinafter mentioned, excepting however the proportion and share which would fall to James A. McLellan; and as respects him, I hereby order that the proportion of said

James, which falls to him, shall be retained and kept at interest by the said Baldwin and Parker, for the purposes of his support and maintenance, if need be, to be paid and disbursed at the discretion of said Baldwin and Parker. And if my said property should exceed, or if it should fall short of, the estimated value put upon it by me, I will and order that said balance, be it more or less, be distributed among my said children in the same relative proportion as above mentioned, always however reserving as aforesaid said share of said James, to be appropriated as aforesaid by my said trustees. The payments of said interest as aforesaid are to be made to each of my said children individually, on his or her personal receipt or order ; and the same are not to commence or be made, till after the decease of myself and wife.

" And it is further my will that from and after the decease of my said children, or any of them, leaving issue, the amount of interest to which they would severally be entitled to receive as aforesaid shall be paid to the issue of such deceased child or children, to be divided equally among them, if there be more than one ; but if not, then the whole to be paid to such child. But should any of my said children die without issue, then my will is that the interest, which would otherwise go to such child or children, shall be divided equally among my other children then living, and to the issue of any deceased child, by right of representation ; always however providing for the above reservation in relation to said share of said James.

" The interest on the several sums aforesaid is to be paid to the persons and in the manner hereinbefore provided, until the decease of my last surviving child. And at the death of my last surviving child, then the proper share of each child shall go to the issue of such child, except where such child shall leave a wife or husband, then and in that case such wife or husband (if any) while he or she shall remain unmarried; and not afterwards, shall receive such child's income in the same manner as her husband or his wife had before received it ; and after the marriage or death of such husband or wife, said share shall go to the issue of such child forever.

" And it is further my will, that should either of my said sons die, leaving no issue, but leaving a widow, the interest of his share as aforesaid shall be paid to his widow, on her personal receipt or order, while she remains unmarried, and not afterwards. And it is also my will, that should either of my daughters die, leaving no issue, but leaving a husband, the interest of her share shall be paid to her husband, on his personal receipt or order, while he shall remain unmarried, and not afterwards. But this is not to prevent the partial distribution provided for on the death of the last surviving child."

The testator also gave and devised to the same trustees and their successors all the residue of his estate, real and personal, (except his household furniture and certain other personal property which he bequeathed to his wife,) upon trusts similar to those above expressed, giving equal shares to his children ; and declared it to be his will, " notwithstanding anything hereinbefore or after written, expressed or provided," that his wife should during widowhood receive the whole, and, in case she should marry again, half of the income of his estate, real and personal, except the articles of personal property bequeathed to her absolutely.

By a codicil, dated August 31st 1849, he ratified and confirmed all the provisions of his will, except that he substituted for the sum of $47,500 the sum of $51,500, and changed the shares of his children respectively therein ; and provided that the whole interest given to his son James should be reserved by the trustees for his comfortable maintenance and support, to be paid at their discretion so as to enure to his personal use and advantage exclusively ; and declared that the balance of $15,200 would remain of his property after these changes had been made, and ordered the trustees to dispose of that balance according to the provisions of the will.

The testator died on the 13th of September 1849. His son James died on the 31st of December 1849, and another son in 1863, both intestate and unmarried. Two sons and two daughters were married and had children before the death of the testator, and with their wives, husbands and children, as well as one

unmarried son of the testator, are still living. The testator's widow received all the net income of his estate during her life-time, and died on the 21st of October 1864. His whole property, according to the inventory, consisted of real estate, valued at $54,685, and personal, valued at $3016.

The trustees, after the death of the widow, paid the income to the testator's children according to the provisions of the will and codicil, and rendered an account, treating the trusts as still continuing, which was allowed by the probate court. Some of the testator's children appealed, upon the ground that the trust created by the will had terminated, in whole or in part; that the account should have set forth a final distribution of the property by the trustees; and that the limitations of the will, relating to the disposition of the property after the death of the widow, were void as violating the rule of law against perpetuities.

*F. V. Balch,* for the appellants.

*A. Jackson,* for the appellees.

GRAY, J. A patient unravelling of the tangled skein of words used by this testator discloses his intentions with sufficient clearness, and shows them to be consistent with the rules of law.

The gift in trust of the sum of $67,700 exhausted all the testator's estate, real and personal, not specifically given to his widow. The residuary devise and bequest upon like trusts, added apparently for greater caution, is therefore only important as corroborating evidence that he did not intend to make any difference in the disposition of the bulk of his real and his personal estate.

The clause directing that the balance of the sum of $67,700, beyond the sums the interest on which is to be paid to the children in unequal proportions, shall be "equally divided among" them, fixes (as amended by the codicil) the proportions in which the children are to share in this balance; but expressly refers to "the events hereinafter mentioned," which are the deaths of the widow and of the last survivor of the children, for the times when the income and the principal respectively shall go to them and their issue.

The provision that the proportion of the testator's son James

shall be retained and kept at interest by the trustees and applied by them for his benefit, was manifestly inserted (like the corresponding provision in the codicil) in order to enable the trustees to vary at their discretion the times of paying the income on his share, and to secure its application to his personal benefit, free from the interference of creditors or others. To imply from this clause, as is argued for the appellants, that the principal shares of the other children are to be paid to them at once upon the death of the widow, would be to disregard all the subsequent provisions of the will. As James died immediately after his father, it will be unnecessary to consider further the construction and effect of this clause.

The testator next directs that upon the death of any child, the interest on its share shall be paid to its issue, if any ; otherwise, equally among the surviving children, and the issue of any other deceased child by right of representation. This clause raises no difficulty.

The next paragraph provides that the interest shall be paid as aforesaid until the death of the last surviving child; and that at such death, the proper share of each child shall go to its issue ; except only that if any child shall leave a surviving wife or husband, such wife or husband, during widowhood, " shall receive such child's income in the same manner as her husband or his wife had before received it ; and after the marriage or death of such husband or wife, said share shall go to the issue of such child forever." The benefit of this provision is not limited to such husbands and wives born before the death of the testator, or within twenty-one years afterwards. And it is argued for the appellants that it therefore contains a limitation over, which may by possibility not take effect until a period of more than twenty-one years after the termination of a life or lives in being at the time of the death of the testator, and is therefore void, as tending to create a perpetuity, within the rule recognized in *Brattle Square Church* v. *Grant*, 3 Gray, 142, and *Sears* v. *Russell*, 8 Gray, 86. This argument assumes that the interest of the issue of any child, who should die leaving a husband or wife surviving, would not vest until the death or re-marriage of such husband

or wife, but would remain contingent until the event of such death or re-marriage, so that it could not be known until the happening of that event who would be entitled.

We are of opinion that such is not the true construction of the will, but that, upon the death of the last surviving child, the share of each child will vest at once in its issue, subject only to the right of the surviving husband or wife of any child to receive the income of its share during widowhood. The principal share of each child is ascertained and fixed at the death of the testator; and although the right to receive any income is postponed until the death of the testator's widow, the share itself would probably have vested in each child upon the death of the testator, but for the provision, above stated, disposing of the share of any child after its death, and before the death of the last surviving child, in a different way from that in which the law would otherwise have disposed of it, and thus making the interest of any child or its issue contingent until the death of the last surviving child. Upon the death of the last surviving child, however, the share of each child's issue is ascertained, and goes to its issue then surviving, and there is no reason for longer suspending the vesting of the equitable interest in fee in the different shares. Although some ambiguity is created by the double use, in this paragraph, of the words " go to the issue of such child," yet, bearing in mind the testator's previous division of his property into distinct shares for the benefit of his several children and their respective issue, and the established rule of construction in favor of vested interests, we are satisfied that the actual and the legal intent of the testator was not to suspend the vesting of the interest of the issue of any child beyond the death of the last surviving child in any case, but to postpone the enjoyment only, by the issue of any child, of its parent's share, so long as a surviving husband or wife of that parent should be living and unmarried.

This construction is not substantially varied, nor the operation of the will defeated, by the only clauses remaining to be considered, which provide that if any child of the testator shal' die leaving no issue, but leaving a wife or husband surviving

the interest of its share shall be paid to her or him during widowhood. This right of a surviving wife or husband to re-·ceive the income would by the terms of this clause seem to arise only in case the child should leave no issue ; but the words of the previous paragraph, which declare that after the death of the last surviving child, the husband or wife of any child deceased leaving issue shall receive the income in the same manner as before, might perhaps require the implication that the surviving husband or wife of any child, whether it does or does not leave issue, shall receive during widowhood the income of its share, before, as well as after, the death of the last surviving child of the testator. However that may be, the testator has taken the precaution to add, " But this is not to prevent the partial distribution provided for on the death of the last surviving child." By that partial distribution, as we have already seen, the principal share of each child vests in its issue ; the issue of any child, who has left no husband or wife surviving and not since married again, are entitled to the immediate enjoyment and control of its share; while the right of enjoyment by the issue of the share of any child who has left such a husband or wife is postponed until his or her death or re-marriage.

It follows from this view of the provisions of the will, that immediately upon the termination of the life of the last surviving child, which was of course a life in being when the testator died, the issue, and the widower·or widow, if any, of each child may make a conveyance of that child's share, and, with the consent of the trustees, may terminate the trust; *Bowditch* v. *Andrew,* 8 Allen, 339 ; and therefore the questions ably and learnedly discussed by counsel, upon the law of perpetuities, do not arise. *Decree affirmed.*